SHANE W. TSENG (SBN 200597)
stseng@lkfirm.com
MICHAEL L. LAVETTER (SBN 224423)
mlavetter@lkfirm.com
LAMB & KAWAKAMI LLP
333 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone No.: (213) 630-5500
Facsimile No.: (213) 630-5555

Attorneys for Plaintiff
STEVE S. HONG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE S. HONG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JT HOME MANAGEMENT LLC, a New York limited liability company; JUDAH J. TAUB, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF PROMISSORY NOTE; AND**<br><br>**(2) BREACH OF GUARANTY**<br><br>**AND JURY DEMAND** |

COMPLAINT

Plaintiff Steve S. Hong ("Plaintiff") alleges as follows:

## I. GENERAL ALLEGATIONS

1. This is a case for (1) breach of a promissory note against JT Home Management Llc ("JT Home" or "Borrower") and (2) breach of the related written guaranty executed by defendant Judah J. Taub ("Taub" or "Guarantor")—both dated June 27, 2017, in favor of Plaintiff. Plaintiff seeks damages in excess of this Court's minimum jurisdictional amount and in an amount no less than $1,000,000.00, minus any principal received and plus all accrued and unpaid interest, any late charges and other fees, attorneys' fees and costs based upon Defendant's failure and refusal to perform his payment obligations under the guaranty.

## II. THE PARTIES

2. Plaintiff is an individual and is a resident of the County of Los Angeles, California.

3. JT Home is a New York limited liability company.

4. Taub is an individual, who, on information and belief, is a resident of Lawrence, New York.

5. The true names and capacities of Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend the complaint to show these defendants' true names, capacities and conduct, once ascertained. Each Doe defendant is liable for the loss suffered by Plaintiff as set forth hereinafter, or their inclusion in this action is otherwise necessary for the granting of effective relief.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff, on the one hand, and JT

Home and Taub, on the other, at the time of the filing of this action and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

7. Venue is proper in this Court, because JT Home and Taub purposefully directed its activities to create continuing relationships and obligations with the citizens of the County of Los Angeles in the State of California and derives substantial benefits from such conduct, and because the parties agreed to submit to the jurisdiction of this Court. (*See* Exhibit A, § 9.)

## FIRST CAUSE OF ACTION

### Breach of Guaranty

### (Against JT Home and Does 1 through 10)

8. Plaintiff incorporates by reference as though set out in full each and every allegation in paragraphs 1 through 7, *supra*.

9. Pursuant to the terms of a Promissory Note, dated June 27, 2017, by and between Plaintiff and Borrower (the "Note"), Plaintiff made a loan to Borrower in the original principal amount of $1,000,000.00 (the "Loan"). A true and correct copy of the Promissory Note is attached hereto as Exhibit "A" and is incorporated herein by this reference.

10. The Note fully matured on August 28, 2017 at which time the unpaid principal balance and all accrued and unpaid interest was due and payable. However, Borrower failed to pay the amounts due and owing to Plaintiff under the Note at maturity, and continues to fail and refuse to pay. As such, Borrower has breached the Note.

11. Plaintiff has fully performed each of its obligations under the Note, except such obligations which may have been excused by Borrower's actions or omissions.

12. Borrower owes, under the Note, not less than the fully matured principal balance of the Loan, plus all accrued and unpaid interest, as well as any late charges and other fees, according to proof.

-2-
COMPLAINT

13. Plaintiff is informed and believes that as direct and legal result of Borrower's breach of the Note, Plaintiff has been damaged in an amount in excess of this Court's jurisdictional limit. Plaintiff will establish at trial the precise amount of its damages, which it believes is no less than $1,000,000.00, plus all accrued and unpaid interest, any late charges and other fees, and attorneys' fees and costs, all according to proof.

## SECOND CAUSE OF ACTION
### Breach of Guaranty
### (Against Taub and Does 1 through 10)

14. Plaintiff incorporates by reference as though set out in full each and every allegation in paragraphs 1 through 13, *supra.*

15. As additional security for the repayment and performance of Borrower's obligations under the Note, Guarantor executed a written guaranty entitled Guaranty of Note, dated June 27, 2017 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "B" and is incorporated herein by this reference. Under the Guaranty, Guarantor "absolutely, unconditionally and fully guarantees . . . the full and punctual payment of all principal and interest accrued thereon payable by the Borrower under the Note and any other amounts due thereunder, as well as under any extension renewal or modification thereof or full and punctual performance of any other obligations of the Borrower under the Note."

16. The Note fully matured on August 28, 2017 at which time the unpaid principal balance and all accrued and unpaid interest was due and payable. However, Borrower failed to pay the amounts due and owing to Plaintiff under the Note at maturity, and continues to fail and refuse to pay. Likewise, to date, Guarantor has failed and refused to pay the amounts due under the Note and, by extension, the Guaranty, and has therefore breached the Guaranty.

17. Plaintiff has fully performed each and every of its obligations under the

Guaranty and the Note, except such obligations which may have been excused by Borrower's or Guarantor's actions or omissions.

18. Guarantor owes, under the Guaranty, not less than the fully matured principal balance of the Loan, plus all accrued and unpaid interest, as well as any late charges and other fees, according to proof.

19. Pursuant to the express provisions of the Guaranty, Plaintiff is entitled to recover from Guarantor all of Plaintiff's out-of-pocket expenses, including attorney's fees and costs, in connection with the enforcement of and collection under the Guaranty.

20. Plaintiff is informed and believes that as direct and legal result of Guarantor's breach of Guaranty, Plaintiff has been damaged in an amount in excess of this Court's jurisdictional limit. Plaintiff will establish at trial the precise amount of its damages, which it believes is no less than $1,000,000.00, plus all accrued and unpaid interest, any late charges and other fees, and attorneys' fees and costs, all according to proof.

///
///
///

## IV. **PRAYER**

WHEREFORE, Plaintiff prays as follows:

a. For damages in the amount no less than $1,000,000.00 and according to proof at trial;

b. For late charges and interest in an amount according to proof;

c. For costs of suit incurred, including Plaintiff's reasonable attorneys' fees; and

d. For such other and further relief as the Court deems just and proper.

DATED: April ____, 2018

Respectfully submitted,

LAMB & KAWAKAMI LLP
SHANE W. TSENG
MICHAEL L. LAVETTER

By: _____
Shane W. Tseng
Attorneys for Plaintiff
STEVE S. HONG

COMPLAINT

## JURY DEMAND

Pursuant to Fed. R. of Civ. P. 38, Plaintiff demands trial by jury in this action of all issues so triable.

DATED: April 18, 2018

Respectfully submitted,

LAMB & KAWAKAMI LLP
SHANE W. TSENG
MICHAEL L. LAVETTER

By: _____
Shane W. Tseng
Attorneys for Plaintiff
STEVE S. HONG